HON. BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| WASTE ACTION PROJECT, | ) | |
| | ) | No. C07-0497-BHS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CONSENT DECREE |
| | ) | |
| UNIVAR USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

WHEREAS, Plaintiff Waste Action Project filed a Complaint in this action against Defendant Univar USA Inc. on April 4, 2007, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility located in Kent, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs; and

WHEREAS, Plaintiff filed an Amended Complaint in this action, also relating to discharges of stormwater from Defendant's facility located in Kent, Washington, also seeking declaratory and injunctive relief, civil penalties and

CONSENT DECREE - 1
No. C07-0497-BHS

attorneys fees and costs; and

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation; and

WHEREAS, Defendant continues to undertake and implement measures to ensure compliance with the Clean Water Act at its facility, which also address issues raised in the notices of intent to sue served by Plaintiff; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint or in Plaintiff's notices of intent to sue, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1. This Court has jurisdiction over the parties and subject matter of this action;

2. The undersigned representative for each party certifies that he is fully authorized by the party or parties whom he represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and their successors and assigns.

4. This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 8201 S. 212th Street, Kent, Washington (the "Facility").

5. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint or Amended Complaint in this case, or in Plaintiffs' notices of intent to sue, and of all other claims concerning stormwater discharges known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387 arising from operations of, or conditions at, the Facility. Plaintiff is unaware of any other claims arising from Defendant's stormwater discharges at the Facility and has no present intention to assert, formally or informally, any claims arising from such discharges.

6. This Consent Decree shall not constitute evidence in any proceeding. It shall not constitute an admission or adjudication with respect to

CONSENT DECREE - 3
No. C07-0497-BHS

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

any allegation of the Complaint or Amended Complaint or of any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint or Amended Complaint. Nor shall it constitute an admission or evidence of any wrongdoing or misconduct on the part of the Defendant or its successors or assigns.

7. In full and complete satisfaction of the claims covered by the Complaint or Amended Complaint filed in this case and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

a. Defendant shall comply with all conditions of its National Pollutant Discharge Elimination System Permit No. SO3-000707D (the "Permit") so long as the Permit (including any successor, modified, or replacement permit) is in effect. Nothing in this Consent Decree precludes the modification, replacement, or elimination of the Permit.

b. Defendant shall, directly or through a third-party contractor, sweep the parking lot of the Facility using a high efficiency sweeper, as well as other areas that experience heavy truck traffic, four times each year. Each sweeping shall be completed by the end of the third calendar month after the immediately preceding sweeping.

c. Defendant shall perform four quarterly rounds of stormwater sampling and analysis (analyzing the stormwater samples for all parameters required under Condition S4 of the Permit, or similar condition under a

successor Permit) from a catch basin at the Facility that is referred to as "Basin B" in Defendant's Stormwater Pollution Prevention Plan. This sampling shall be in addition to the sampling performed at the catch basin at the Facility that is referred to as "Basin A" in Defendant's Stormwater Pollution Prevention Plan.

        d.      Defendant shall cause the paved exterior surfaces at the facility to be patched and sealed by a professional asphalt servicing company by August 31, 2008. The failure of the professional asphalt servicing company to timely perform shall not constitute a breach of this subsection, provided that Defendant uses reasonable efforts to ensure that patching and sealing is completed as soon as reasonably practical under the circumstances.

        e.      Defendant shall, for a period of two years from the date that this Consent Decree is entered, forward copies to Plaintiff of all written or electronic reports by Defendant to the Washington Department of Ecology ("Ecology") concerning the actions Defendant has taken in compliance with the Permit at the Facility, including: (i) Discharge Monitoring Reports, (ii) Level One, Two, or Three response reports, or similar adaptive management reports prepared under a successor Permit, and (iii) inspection reports. Defendant shall also forward copies of correspondence it receives from Ecology in response to these reports (or the failure to submit these reports). No later than the fortieth day following the end of each calendar quarter, Defendant shall provide copies of documents encompassed by this subparagraph that have been sent or received in the preceding calendar quarter.

CONSENT DECREE - 5
No. C07-0497-BHS

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

8. Not later than sixty (60) days after the date of entry of this Decree, Defendant shall make two payments totaling $17,500 (Seventeen-thousand, five hundred Dollars) for the projects described in Attachments A and B to this Decree. Both payments shall be made by check and shall bear the notation "Waste Action Project v. Univar USA, Inc. Clean Water Act Settlement," with copies provided to Plaintiff. The two payments shall be made as follows:

    a. Payment of $12,000 (TWELVE THOUSAND DOLLARS) to King County, Washington for the Mullen Slough restoration project described in Attachment A to this Decree. The payment shall be payable to King County Finance and shall be mailed to King County Water and Land Resources Division, 201 S. Jackson Street, Suite 600, Seattle, WA 98104, Attn: Steve Oien.

    b. Payment of $5,500 (FIVE THOUSAND FIVE HUNDRED DOLLARS) to the Washington Department of Veterans Affairs for the Green River Basin Water Quality Monitoring Project described in Attachment B to this Decree. Such payment shall be payable and mailed to the Washington Department of Veterans Affairs, P.O. Box 41155, Olympia, WA 98504-1155, Attn: Mark Fischer.

9. Within sixty (60) days of the entry of this Consent Decree, Defendant shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of $13,800 (THIRTEEN THOUSAND EIGHT HUNDRED DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St.,

CONSENT DECREE - 6
No. C07-0497-BHS

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Seattle, WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any and all claims Plaintiff may have under the Clean Water Act or other authority for litigation expenses, including attorney fees and costs.

10. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with this Court.

11. The parties agree that no consent judgment should be entered in this action until 45 days after the receipt of a copy of the proposed consent judgment by the United States Attorney General and the Administrator of the United States Environmental Protection Agency pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the United States Environmental Protection Agency and upon the United States Attorney General

CONSENT DECREE - 7
No. C07-0497-BHS

and shall promptly serve notice, with supporting evidence, that it has done so upon Defendant.

12. This Consent Decree shall take effect on the date it is entered by the Court and shall terminate sixty (60) days following completion of all obligations under it.

13. This Consent Decree embodies the entire agreement and understanding of the parties thereto. There are no other agreement terms that are incorporated into this Consent Decree or that are enforceable thereunder. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

14. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable by either party at that party's sole discretion. The parties agree to continue negotiations in good faith in an attempt to cure any objection to entry of this Consent Decree that this Court raises.

15. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be delivered by certified mail, return receipt requested, to:

   Waste Action Project
   P.O. Box 4832
   Seattle, WA 98104

   with copy to:

   Brian A. Knutsen
   Smith & Lowney, PLLC
   2317 E. John St.

CONSENT DECREE - 8
No. C07-0497-BHS

Seattle, WA 98112

Notifications required by this Decree to be made to Defendant shall be delivered by certified mail, return receipt requested, to:

Univar USA, Inc.
8201 S. 212th Street
Kent, WA 98032

with copy to:

Ms. Leslie R. Schenck
Garvey, Schubert Barer
1191 Second Avenue, 18th Floor
Seattle, WA 98101-2939.

Upon written notice to the other party to this Consent Decree, a party may change its designation of the person or persons who are authorized to receive notice under this paragraph.

DONE and ORDERED this 29th day of August, 2008.


_____
BENJAMIN H. SETTLE
United States District Judge

WASTE ACTION PROJECT

Signature: *Greg Wingard*

Title: Executive Director

Dated: June 9th, 2008

UNIVAR USA, INC.

Signature: *Pete Henz*

Title: Vice President, General Counsel

Dated: 5/16/08

CONSENT DECREE - 10
No. C07-0497-BHS


**King County**

**Water and Land Resources Division**
Department of Natural Resources and Parks
King Street Center
201 South Jackson Street, Suite 600
Seattle, WA 98104-3855
**206.296.6519** Fax 206.296.0192
TTY Relay: 711

April 18, 2008

Greg Wingard
Waste Action Project
PO Box 4832
Seattle, WA 98194-0832

RE: Proposed Restoration Activities Related to Waste Action Project v. Univar USA, Inc.

Dear Mr. Wingard:

Per your request, included is a brief description of the restoration project King County Department of Natural Resources and Parks, Water and Land Resources Division (WLRD) would implement with funding provided through a Consent Decree in association with Waste Action Project. The restoration activity would take place on the WLRD-managed property near the mouth of Mullen Slough.

Mullen Slough is a perennial tributary to the Green River that dissects the property on which restoration would take place. This stream provides off-channel habitat for rearing salmonids, as well as flood refugia and over-wintering habitat. Restoring this property was identified as a priority for salmon recovery in the 2005 WRIA 9 Salmon Habitat Plan (Project LG-7). WLRD has been regularly implementing restoration projects on the site to replace invasive vegetation such as blackberries with native trees and shrubs. The goal of these previously-implemented restoration efforts was to improve aquatic and terrestrial habitat for fish and wildlife and to improve water quality.

We understand that $12,000 will be provided to WLRD via the Consent Decree currently being negotiated in this vicinity. This funding would allow WLRD to continue restoration efforts at the Mullen Slough property. Specific restoration activities would include removing previously placed landscape fabric, planting native trees and shrubs, managing invasive plants such as blackberry, and collecting/disposing of human-generated debris. WLRD would work with local conservation crews to implement these tasks.

WLRD staff would be happy to escort you or others associated with the Consent Decrees to the site for a field visit. We also intend to provide Waste Action Project and the United States Department of Justice with verification that the funds were expended toward the tasks delineated above. WLRD intends to manage and maintain this site in perpetuity.

Thank you for providing us with a draft copy of the Consent Decree; we have reviewed it internally. We look forward to working with you on this project and are confident that you will be pleased with how the funds are expended. Please note that none of the money received will be used for political lobbying purposes.

If you have any questions or would like further information regarding these restoration activities, please do not hesitate to contact me or one of the following WLRD staff: Bill Eckel, Manager, Office of Rural and Resource Programs, at 206-296-8384 or Diane Concannon, Manager, Ecological Services Unit, at 206-296-8017.

Sincerely,

Mark Isaacson
Division Director

cc: Bill Eckel, Manager, Office of Rural and Resource Programs, Water and Land Resources
    Division (WLRD), Department of Natural Resources and Parks (DNRP)
    Diane Concannon, Manager, Ecological Services Unit, WLRD, DNRP



**STATE OF WASHINGTON**
## DEPARTMENT OF VETERANS AFFAIRS
SERVICE CENTER
*1102 Quince Street • P.O. Box 41155 • Olympia, WA 98504-1155• (360) 725-2184*

*Project Title:* **Green River Basin Water Quality Monitoring Project**

*Project Organization:* Veterans Conservation Corps.

*Mission Statement:* The primary mission of the Veteran Conservation Corps is to assist veterans by providing volunteer opportunities on natural resources restoration projects that help protect and restore Washington's watersheds, including rivers, streams, lakes, marine waters, forests, and open lands.

*Contact/Title:* Mark Fischer, WDVA

*Mailing address:* PO Box 41155, Olympia, WA  98504-1155

*Phone number:* (360) 725-2224

*Email address:* markf@dva.wa.gov

**Project summary:**

*The problem:* The Green River and a number of its tributaries have been determined by the Washington Department of Ecology as failing to meet the state water quality criteria for Dissolved Oxygen and Temperature. In large part this is due to the urbanization of the watershed and loss of riparian habitat, including reduced shading of open water and loss of complexity in the water courses. Various projects have been proposed and are being implemented in an effort to improve dissolved oxygen levels in Green River tributaries. Monitoring metrics for these projects have improved to include more accurate measurement of the benefits and maintenance of the desired functions and values.

*Proposed solution:* The purchase and use of analytical equipment for water quality monitoring in the Green River basin, for the purpose of determining the efficacy of restoration project elements designed to improve dissolved oxygen (DO) levels and water temperatures.

The specific focus of this monitoring is as part of a program to monitor habitat creation and restoration projects in the Green River basin. The project is being done with the cooperation and assistance of King County Department of Natural Resources and Parks, Water Land Resources Department. The initial use of the equipment would be on two sites.

- The first is a restoration project on ~1/3 mile of stream riparian and associated uplands on Little Soos Creek, part of the Soos Creek drainage, the largest tributary to Green River and a primary source of the salmon in the river system.

- The other site is the Mullen Slough site. Mullen Slough runs between Auburn and Kent, where it enters the Green River just upstream from the facility. King County owns the project site property where the slough enters the river. Restoration of the site is on-going and through a separate funding source VCC will be doing additional plantings at this location to improve the Mullen Slough habitat and water quality.

*Project objectives and expected accomplishments:*

Use of water quality monitoring is n association with restoration projects like the Little Soos Creek project and the Mullen Slough project will better assure that restoration functions and values which are planned are being met and demonstrate the connection between the restoration and water quality, in particular temperature and Dissolved Oxygen critical to salmonids in the Green River system.

In addition this project in conjunction with King County and the Green River Community College will assist veterans returning from Iraq and Afghanistan in earning professional certifications, which improve their ability to get professional family wage jobs in fields in the environmental restoration, stormwater and wastewater sectors. The training is currently limited by a lack of portable analytical equipment which this project will help address.

*Timetable:* April 2008- April 2010

*Veterans Conservation Corps* has reviewed the draft consent decree in the matter of Waste Action Project v. Univar USA, Inc., and will review the final consent decree once entered by the Court. VCC has agreed to accept five thousand, five hundred dollars ($5,500) from Univar as part of the settlement in the above-referenced matter, and will use such funds for its Green River Basin Water Quality Monitoring Project. VCC will not use any money it receives under the consent decree for political lobbying activities. In addition, VCC will submit a letter to the Court, Department of Justice, and the parties, describing how the funds have been spent.

Signature _____
Mark Fischer, WDVA

Title _Program Manager, Veterans Conservation Corps_

Dated _3/28/08_